ELLIS, Judge:
This is a suit for damages brought by Mr. and Mrs. B. F. Wilkinson arising out of an automobile accident. Mrs. Wilkinson was injured in an automobile accident with a vehicle owned and operated by Norma Matherne, who is alleged to be an uninsured motorist. Plaintiffs further allege that they paid a premium for, and owned, “three policies of uninsured motorists coverage with the Defendant State Farm Mutual Automobile Insurance Company, each policy providing $10,000.00 in limits of coverage.”
Ms. Matherne answered the petition, denying, inter alia, that she was an uninsured motorist. State Farm filed a motion for summary judgment, asking that the court prohibit plaintiffs “from stacking their uninsured motorist coverage.” No affidavits, depositions, exhibits or other pleadings were offered in support thereof.
The trial court signed a judgment “decreeing that the uninsured motorist coverage of State Farm Mutual Automobile Insurance Company is limited to the coverage provided by its Policy # 1230 639 18B and plaintiff’s suit on all other policies is dismissed at plaintiff’s costs.” From that judgment, plaintiffs have appealed.
We must dismiss the appeal. An interlocutory judgment is one which “does not determine the merits but only preliminary matters in the course of the action.” Article 1841, Code of Civil Procedure. An interlocutory judgment is not appealable absent *168 irreparable injury. Article 2083, Code of Civil Procedure. We think that the judgment in this case, which involves one issue, incidental to the questions of liability and quantum, must be considered ari interlocutory judgment. It will be effective only if defendant is liable and if defendant is an uninsured motorist. An appeal on the issue here presented must await the final resolution of this case on its merits.
The appeal is therefore dismissed, at plaintiffs’ cost. All other costs shall await final judgment on the merits.
APPEAL DISMISSED.